# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| VIOLANDA F. MONTGOMERY, on behalf of herself and others similarly situated, | ) ) ) | Civil Action No.: |
| | ) | <u>COMPLAINT - - CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

---

## NATURE OF ACTION

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1] In fact, in 2015, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

4.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

5.      "Congress added the validation of debts provision specifically to ensure that debt collectors gave consumers adequate information concerning their

---

[1]     *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]     *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 13 (2015), http://files.consumerfinance.gov/f/201503_cfpb-fair-debt-collection-practices-act.pdf.

legal rights." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1080 (9th Cir. 2016).

6.      Pertinent here, the validation notice must advise the consumer of the consumer's right to dispute the debt, or any portion thereof. 15 U.S.C. § 1692g(a)(3). Such dispute can be made orally, or in writing, *see Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005), and the consumer need not (1) specify the nature of the dispute, *Frey v. Satter, Breyer & Spires*, No. 98 C 3957, 1999 WL 301650, at *5 (N.D. Ill. May 3, 1999), (2) provide the debt collector a valid reason for the dispute, *Mendez v. M.R.S. Assocs.*, No. 03 C 6753, 2005 WL 1564977, at *4 (N.D. Ill. June 27, 2005), or (3) provide any documentation to support the dispute. *Forsberg v. Fidelity Nat'l Credit Serv., Ltd.*, No. 03CV2193-DMS(AJB), 2004 WL 3510771, at * 4 (S.D. Cal. 2004).

7.      A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or

contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

8.     This case centers on the failure of Financial Asset Management Systems, Inc. ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers, or within five days thereafter.

## PARTIES

9.     Violanda F. Montgomery ("Plaintiff") is a natural person who at all relevant times resided in Baton Rouge, Louisiana.

10.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a federal student loan (the "Debt").

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     Defendant is a Georgia corporation with its corporate headquarters in Tucker, Georgia.

14.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.     At the time Defendant acquired the Debt for collection purposes, the alleged Debt was in default, or Defendant treated the Debt as if it was in default from the time it obtained it for collection.

16.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, and where Defendant transacts business, and has its principal headquarters in this District.

## FACTUAL ALLEGATIONS

20.     On or about June 12, 2016, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt. A true and correct copy of the June 12, 2016 communication to Plaintiff is attached as **Exhibit A**.

21.     The June 12, 2016 communication was the first communication Plaintiff received from Defendant.

22.     Plaintiff did not receive any additional written communications from Defendant within five days of the June 12, 2016 communication.

23.     The June 12, 2016 communication to Plaintiff stated that Plaintiff's "defaulted student loan ha[d] been placed with Financial Asset Management Systems, Inc. (FAMS) for the purpose of securing payment of this debt." *See* Ex. A.

24.     Defendant's June 12, 2016 communication continued, "United Student Aid Funds, Inc. indicates that your loan has defaulted and demands your attention." *See* Ex. A.

25.     The June 17, 2015 communication then stated:

> Unless you notify this office within 30 days after your receipt of this notice that you dispute the validity of this debt or any portion of this debt, this office will assume the debt to be valid. If you notify this office in writing within 30 days after your receipt of this notice that the validity of this debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against

you and mail a copy of the verification or judgment to you. If you request in writing within 30 days after your receipt of this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

Ex. A.

26.     Defendant's June 12, 2016 communication contained an Attachment

A, which advised Plaintiff:

If you wish to dispute the default status of your loan(s), you may submit a request in writing to:

1.  Inspect and copy our records pertaining to your loan obligation.

2.  Request a review regarding the legal enforceability or past status of your loan obligation.  You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt.  You cannot request a review for any one of the following reasons:

    * You failed to pay your lender.

    * You failed to complete your education and/or were dissatisfied with the school you attended.

    * You were unable to find employment in the field for which the school prepared you.

To request a review, your request must be submitted in writing to:

Navient
PO Box 9460
MC E2142
Wilkes-Barre, PA 18773-9460

*See* Ex. A.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rules

of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

(a) All persons with a United States address, (b) to whom Financial
Asset Management Systems, Inc. mailed an initial debt collection
communication (c) on behalf of United Student Aid Funds, Inc (d)
between June 1, 2016 and June 30, 2016, (e) in connection with the
collection of a consumer debt, (f) where the letter provided the
disclosures required by 15 U.S.C. § 1692g, (g) but then stated:

If you wish to dispute the default status of your loan(s), you may
submit a request in writing to:

1.  Inspect and copy our records pertaining to your loan obligation.

2.  Request a review regarding the legal enforceability or past
    status of your loan obligation.  You may request a review if you
    can prove your loan was not past-due with your lender, the loan
    balance is incorrect, or you did not incur this debt.  You cannot
    request a review for any one of the following reasons:

    *   You failed to pay your lender.

    *   You failed to complete your education and/or were
    dissatisfied with the school you attended.

    *   You were unable to find employment in the field for which
    the school  prepared you.

    To request a review, your request must be submitted in writing
    to:

Navient
PO Box 9460
MC E2142

Wilkes-Barre, PA 18773-9460

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

28.    The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that it is defined by reference to objective criteria. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

29.    The proposed class satisfies Rule 23(a)(2) and (3) because Plaintiff's claim is typical of the claims of the members of the class. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

30.    Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that

are contrary to or in conflict with the members of the class that she seeks to represent.

31.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

32.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

a.  Defendant's violations of the FDCPA as alleged herein;

b.  Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

c.  the existence of Defendant's identical conduct particular to the matters at issue;

    d.  the availability of statutory penalties; and

    e.  the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

34.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 33.

35.    The FDCPA at 15 U.S.C. § 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor*.

(emphasis added).

37.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g in its June 12, 2016 communication to Plaintiff was ineffective and overshadowed and contradicted the statutory notice.

38.     In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

39.     Specifically, while Defendant included on the first page of the June 12, 2016 communication the validation notice required by 15 U.S.C. § 1692g advising Plaintiff that she could dispute the Debt within 30 days, in the same communication, Defendant then advised Plaintiff that if she wished to dispute the default status of her loan, she could submit a request, in writing, to:

1. Inspect and copy our records pertaining to your loan obligation.

2. Request a review regarding the legal enforceability or past status of your loan obligation.  You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt.  You cannot request a review for any one of the following reasons:

   *  You failed to pay your lender.

   *  You failed to complete your education and/or were dissatisfied with the school you attended.

   *  You were unable to find employment in the field for which the school prepared you.

To request a review, your request must be submitted in writing to:

Navient
PO Box 9460
MC E2142
Wilkes-Barre, PA 18773-9460

*See* Ex. A.

40.     As a result, the least sophisticated consumer would be unsure which actions she would be required to take to dispute the Debt in light of Defendant's

correspondence, which at once advises her that (1) she has 30 days to dispute the Debt—either orally or in writing—by contacting Defendant, (2) she can obtain verification by disputing the Debt to Defendant in writing within 30 days, but (3) if she wanted to request a review regarding the legal enforceability of her Debt, she could do so only by sending a writing to Navient, and only if (a) her loan was not past-due with her lender, (b) the loan balance was incorrect, or (c) she did not incur the Debt. But the FDCPA places no such limitations on a consumer's right to dispute the Debt within the validation period. *See* 15 U.S.C. § 1692g; *see also Whitten v. ARS Nat'l Servs., Inc.*, No. 00 C 6080, 2002 WL 1050320, at \*4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a "valid" reason to dispute the date is inconsistent with FDCPA).

41.    Indeed, under the FDCPA, such a dispute can be made orally, or in writing, *see Camacho*, 430 F.3d at 1082, and the consumer need not (1) specify the nature of the dispute, *Frey*, No. 98 C 3957, 1999 WL 301650, \*5 (N.D. Ill. May 3, 1999), (2) provide the debt collector a valid reason for the dispute, *Mendez*, 2005 WL 1564977, at \*4, or (3) provide any documentation to support the dispute. *Forsberg*, 2004 WL3510771, at \* 4.

42.    The effect of the June 12, 2016 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights

afforded under 15 U.S.C. § 1692g. As a result, Plaintiff did not receive—in a manner understandable to the least-sophisticated consumer—disclosures required by federal law.

43.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged student loan debt, and overshadowed her rights regarding how to dispute the validity of her personal debt. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. *See, e.g.*, *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016) ("Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm."). And here, upon receiving the letter, Plaintiff was confused as to what her rights were regarding the debt and her ability to dispute it.

44.    Defendant, therefore, violated 15 U.S.C. § 1692g(b) by contradicting—whether actually or apparently—disclosures required by 15 U.S.C. § 1692g(a), and by overshadowing disclosures required by 15 U.S.C. § 1692g(a).

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

45.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 33.

46.    The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.    As set forth above, while Defendant included on the first page of the June 12, 2016 communication the validation notice required by 15 U.S.C. § 1692g(a) advising Plaintiff that she could dispute the Debt within 30 days, in that same communication, Defendant advised Plaintiff that if she wished to dispute the default status of her loan, she could submit a request, in writing, to:

1.  Inspect and copy our records pertaining to your loan obligation.

2.  Request a review regarding the legal enforceability or past status of your loan obligation.  You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt.  You cannot request a review for any one of the following reasons:

    *  You failed to pay your lender.

    \* You failed to complete your education and/or were dissatisfied with the school you attended.

    \* You were unable to find employment in the field for which the school prepared you.

To request a review, your request must be submitted in writing to:

Navient
PO Box 9460
MC E2142
Wilkes-Barre, PA 18773-9460

*See* Ex. A.

48.     As a result, the least-sophisticated consumer would be unsure which actions she would be required to take to dispute the Debt in light of Defendant's correspondence which at once advises her that (1) she has 30 days to dispute the Debt—either orally or in writing—by contacting Defendant, (2) she can obtain verification by disputing the Debt to Defendant in writing within thirty days, but (3) if she wanted to request a review regarding the legal enforceability of her Debt, she could do so only by sending a writing to Navient, and only if (a) her loan was not past-due with her lender, (b) the loan balance was incorrect, or (c) she did not incur the Debt.  But the FDCPA places no such limitations on a consumer's right to dispute the Debt within the validation period. *See* 15 U.S.C. § 1692g.

49.     Indeed, under the FDCPA, such a dispute can be made orally, or in writing, *see Camacho*, 430 F.3d at 1082, and the consumer need not (1) specify the

17

nature of the dispute, *Frey*, No. 98 C 3957, 1999 WL 301650, *5 (N.D. Ill. May 3, 1999), (2) provide the debt collector a valid reason for the dispute, *Mendez*, 2005 WL 1564977, at *4, or (3) provide any documentation to support the dispute. *Forsberg*, 2004 WL3510771, at * 4.

50.    The effect of the June 12, 2016 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g, in violation of 15 U.S.C. § 1692e.

51.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and overshadowed her rights regarding how to dispute the validity of her personal debt. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. And here, upon receiving the letter, Plaintiff was confused as to what her rights were regarding the debt and her ability to dispute it.

52.    The language in Defendant's June 12, 2016 communication is therefore deceptive and or misleading, and thus, Defendant violated 15 U.S.C. § 1692e.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

    a.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

    b.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

    c.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

    d.  Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiff and the class;

    e.  Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

    f.  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    g.  Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 19, 2016          */s/ Shireen Hormozdi*
                                  Shireen Hormozdi
                                  The Hormozdi Law Firm, LLC
                                  Georgia Bar No.: 366987
                                  1770 Indian Trail Lilburn Road
                                  Suite 175
                                  Norcross, GA 30093
                                  Telephone:  (678) 395-7795
                                  Facsimile:   (866) 929-2434
                                  shireen@norcrosslawfirm.com

                                  James L. Davidson (*to seek admission pro
                                  hac vice*)
                                  Greenwald Davidson Radbil PLLC
                                  5550 Glades Road, Suite 500
                                  Boca Raton, FL 33486
                                  Telephone: (561) 826-5477
                                  Facsimile: (561) 961-5684
                                  jdavidson@gdrlawfirm.com

                                  Counsel for Plaintiff and the proposed class